T.C. Summary Opinion 2001-59

UNITED STATES TAX COURT

FREDRICK J. & KIM T. MARQUARDT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 727-00S.                        Filed April 17, 2001.

Fredrick J. and Kim T. Marquardt, pro sese.

<u>Frederic J. Fernandez</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies in petitioners' Federal income taxes of $6,004.02, $8,561.18, and $7,701 for the taxable years 1995, 1996, and 1997.

The sole issue for decision is whether petitioners have met the strict substantiation requirements of section 274(d) with respect to certain automobile expenses.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Oconto Falls, Wisconsin, on the date the petition was filed in this case.

Fredrick J. Marquardt (petitioner) is in the business of selling health and life insurance policies door-to-door in rural areas of Wisconsin. With respect to this business, during 1995, 1996, and 1997, petitioner did not record on a daily basis either his mileage or the names of customers he visited, nor did he record the specific business purpose for each of his trips. Petitioners reported the following amounts of mileage on Schedules C, Profit or Loss From Business, in each respective year:

|  | 1995 | 1996 | 1997 |
|---|---|---|---|
| Business | 54,238 | 78,985 | 64,638 |
| Commuting | 3,790 | 8,128 | 7,960 |
| Other | 3,214 | 1,104 | 1,708 |

Using the standard mileage rates, petitioners claimed deductions for car and truck expenses on the Schedules C in the amounts of $16,271 in 1995, $24,485.35 in 1996, and $20,361 in 1997. Respondent disallowed these deductions in their entirety with the exception of $304 allowed for 1997.

Taxpayers generally must keep records sufficient to establish the amount of a claimed deduction. See sec. 6001; sec. 1.6001-1(a) and (e), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. See Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) imposes stricter requirements and supersedes the Cohan doctrine. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969). Section 274(d) provides that, unless the taxpayer complies with certain strict substantiation rules, no deduction is allowable to the taxpayer (1) for traveling expenses, (2) for entertainment expenses, (3)

for expenses for gifts, or (4) with respect to listed property. Listed property is defined under section 280F(d)(4) to include passenger automobiles and any other property used as a means of transportation. To meet the strict substantiation requirements, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses. See sec. 274(d). With respect to the use of automobiles, in order to establish the amount of an expense the taxpayer must establish the amount of business mileage and the amount of total mileage for which the automobile was used. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The taxpayer may substantiate the amount of mileage by adequate records or by sufficient evidence corroborating his own statement. See sec. 274(d). A record of the mileage made at or near the time the automobile was used, supported by documentary evidence, has a high degree of credibility not present with a subsequently prepared statement. See sec. 1.274-5T(c)(1), (2), and (3), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985)

Each taxable year stands alone, and respondent may challenge in a succeeding year what was condoned or agreed to in a former year. See Boatner v. Commissioner, T.C. Memo. 1997-379, affd. 164 F.3d 629 (9th Cir. 1998) (citing Automobile Club v. Commissioner, 353 U.S. 180 (1957)). Thus, taxpayers must meet the requirements of section 274(d) and the regulations

promulgated thereunder in each taxable year; a taxpayer's method of substantiation which does not meet the statutory and regulatory requirements does not entitle a taxpayer to a deduction, even if respondent previously accepted similar substantiation.  See id.; Rose v. Commissioner, 55 T.C. 28, 32 (1970).

Petitioner provided appointment calendars for each of the years in issue as purported substantiation of the mileage expenses.  The 1997 calendar contains names of cities written at the beginning of most weekdays which are meant to record the cities visited by petitioner in connection with his business.  The calendar also contains names of individuals whom he purportedly visited while on some of these trips.  However, these names were added by petitioner during the audit of petitioners' return.  Weekly totals of business miles were recorded in the calendar, but we do not accept these figures as credible evidence of the mileage petitioner actually incurred.  How petitioner derived these numbers was not explained at trial; there is no evidence that a log was maintained allocating business and personal mileage on the vehicle.  Most importantly, the amounts are not credible.  In 1997, petitioners reported 64,638 business miles.  The calendar reflects that petitioner worked 247 days in 1997, which would imply that petitioner drove the automobile an average of 262 miles each business day.  Furthermore, taking as

an example the week of March 10, 1997, the calendar reflects visits to Crivitz, Wisconsin, every day from Monday through Friday, and that his business mileage for that week was 1,469 miles.  However, Crivitz is approximately 32 miles from petitioner's home in Oconto Falls.  We find it highly unlikely, at best, that petitioner was able to accumulate such a large number of miles within and around Crivitz--the round-trip mileage for the week would be approximately 320 miles, leaving 1,149 miles unexplained.

The 1995 and 1996 calendars contain mileage information similar to that in the 1997 calendar.  Petitioner testified that, unlike 1997, he kept a daily record of the names of his contacts in 1995 and 1996.  Even if we were to accept this testimony, however, for reasons similar to those discussed above, we do not find the weekly business mileage amounts to be credible.

Because petitioners have failed to provide any credible substantiation to meet the requirements of section 274(d), we uphold respondent's disallowance of the claimed car and truck expenses in each of the years in issue.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.